UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 6: 06-85-DCR |
| V. | ) ) | |
| WILLIAM STEVENS, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of *pro se* Defendant William Stevens' letter requesting appointment of counsel and for a stay of the limitations period within which he may file a motion to vacate his sentence under 28 U.S.C. § 2255. [Record No. 52] With respect to his request for counsel, the Court notes that the United States Constitution does not provide a right to counsel in collateral proceedings. *See Abdus-Samad v. Bell*, 420 F.3d 614, 632 (6th Cir. 2005).[1]

For most § 2255 motions, requests for appointment of counsel should be considered under 18 U.S.C. § 3006A. *See* 28 U.S.C. § 2255(g). Ultimately, the decision to appoint counsel rests within the sound discretion of the court, based on the interests of justice and due process. *See* 18 U.S.C. § 3006A(a)(2)(B). Counsel should be appointed "'if given the difficulty of the case

---

[1] Precedent under 28 U.S.C. § 2254 may be applied, when appropriate, to § 2255 cases. *See Davis v. United States*, 94 S.Ct. 2298, 2304 (". . . § 2255 was intended to mirror § 2254 in operative effect. . . ."); *United States v. Vancol*, 916 F. Supp. 372, 377 n.3 (D.Del. 1996)

and the litigant's ability, [he] could not obtain a lawyer on his own, and [he] would have a reasonable chance of winning with a lawyer at [his] side'." *Thirkield v. Pitcher*, 199 F. Supp.2d 637, 653 (E.D. Mich. 2002) (quoting *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997).

Here, Stevens contends that he lacks legal skills and has no way of performing the work required to complete a motion to vacate his sentence based on 18 U.S.C. § 3582. However, the Court has previously addressed the issue of whether Stevens' sentence (imposed March 26, 2007) should be reduced under this statutory section. By Order entered July 10, 2008, the Court stated as follows:

> On March 3, 2008, the Court filed a Notice in the record of this proceeding, explaining why it did not intend to take any *sua sponte* action to reduce the Defendant's sentence following amendment to the United States Sentencing Guidelines applicable to crack cocaine offenses. As the Court explained, the Defendant was determined to be a career offender at the time of sentencing and, as a result, his guideline range was increased to 151 to 188 months of imprisonment. Based on all information available to the Court at the time of the sentencing hearing, the Defendant was sentenced at the very top of his guideline range.
>
> The Defendant has now moved the Court to impose a reduced sentence under 18 U.S.C. § 3582(c) (2). However, he has provided neither factual nor legal authority to alter the Court's earlier analysis. [Footnote omitted] Simply put, the amendment upon which the Defendant relies does not alter his guideline range. More importantly, while the amendment to the crack cocaine guidelines provides courts with some authority to alter or amend sentences, this authority is not mandatory. Under the facts of this case, the Court would not reduce the Defendant's sentence even if his guideline range were lowered. The Court previously imposed a sentence that it believed was sufficient but not greater that necessary to serve the statutory objectives of 18 U.S.C. § 3553(a). That determination is not altered by the Defendant's arguments.

[Record No. 47] As a result, the Court denied the Defendant's motion to reduce his sentence under 18 U.S.C. § 3582. Stevens did not appeal this determination. Instead, he continued with the appeal of his original sentence which was imposed on March 26, 2007.

On December 1, 2008, the United States Court of Appeals for the Sixth Circuit affirmed this Court's original sentencing determination. Addressing Stevens' arguments, the Sixth Circuit concluded that,

> The record in the case belies [Stevens'] contention that the district court failed to make a finding with regard to the amount of drugs Stevens intended to distribute. The district court agreed that Stevens was responsible only for the amounts that he admitted in his plea agreement. Stevens's status as a career offender determined the advisory Guidelines range, and the district court declined to increase the sentence based upon other drug quantities. In addition, the record reveals that the district court explicitly considered the advisory Guideline range and the § 3553 sentencing factors. Thus, the sentence is procedurally and substantively reasonable because the record in this case reveals that the district court's sentencing decision met the statutory requirements of 18 U.S.C. § 2553(a)(2). *See id.*
>
> Inasmuch as Stevens was not sentenced pursuant to a sentencing guideline crack cocaine ratio, but received a sentence determined by his status as a career offender, any changes in the crack cocaine sentencing procedures occasioned by the Supreme Court's decision in *Kimbrough v. United States*, 128 S. Ct. 558, 575 (2007), are not germane to this appeal.

[Record No. 48] Stevens then petitioned the United States Supreme Court for a writ of certiorari. [Record No. 50] However, that request was denied on January 26, 2009. [Record No. 51]

As the procedural history of this case demonstrates, Stevens' arguments regarding application of the United States Sentencing Guidelines to offenses involving crack cocaine have been raised and rejected at three levels. Further, Stevens did not attempt to appeal this Court's July 10, 2008, determination that 18 U.S.C. § 3582 is inapplicable to his case. His recent letter

provides no legal or factual authority to support the argument that counsel is needed to attempt to re-litigate the matter through a collateral action under 28 U.S.C. § 2255. Likewise, the fact that Stevens may be in the special housing unit at his place of incarceration does not support his last-minute request that filing deadlines and time limitations be suspended. Instead, it appears that the time within which Stevens may attempt to challenge the Court's July 10, 2008, determination has already expired.

Accordingly, it is hereby

**ORDERED** that the Defendant's motions [Record No. 52] are **DENIED**.

This 27th day of January, 2010.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge